UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT D. SANTORO,

    Plaintiff,

v.                                                                  Case No. 8:24-cv-2398-WFJ-TGW

DAVID K. DUNNING,
EXECUTIVE DIRECTOR
JAMES A. HALEY VA HOSPITAL,

    Defendant.
_____/

## ORDER

Before the Court is the Government's motion to dismiss (Dkt. 10).  After careful consideration of Defendant's arguments, the Court grants the motion with leave to amend.  Any amended complaint filed must allege facts that show Plaintiff exhausted his administrative remedies.

In state court, Plaintiff Robert D. Santoro sued the executive director of James A. Haley VA Hospital for medical malpractice.  Dkt. 1-1.  Defendant removed this action to federal court.  Dkt. 1.  Because Mr. Santoro sued the executive director of an agency of the United States, which director was allegedly acting in his official or individual capacity relating to an act under color of such office, this case was properly removed.  *See* 28 U.S.C. § 1442(a)(1).

Defendant moves to dismiss the complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1).  Plaintiff's "Petition for Injunctive Relief" does not survive either rule.

First, Plaintiff's complaint is an impermissible shotgun pleading because it fails to set forth which allegations of fact support which claims for relief.  *See Weiland v. Palm Bch. Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (explaining what a shotgun pleading means); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  In the 27 pages of text with additional attachments, Plaintiff alleges facts involving numerous medical providers at different facilities and different medical conditions.  Defendant is without adequate notice of the claims brought and left unable to determine which facts support which claims, if any.[1]

More importantly, Defendant argues that this Court lacks jurisdiction over Plaintiff's claims because he failed to exhaust his administrative remedies.  Because many of Plaintiff's allegations allege violations of the standard of care

---

[1] Additionally, injunctive relief *per se* is not a cause of action.  It is a remedy only.  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) ("[I]njunctive relief is a remedy, not an independent claim for relief."); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("There is no such thing as a suit for traditional injunction in the abstract.").  Moreover, Plaintiff the Florida criminal statute cited by Plaintiff, Section 825.102 of the Florida Statutes, provides no private right of action through a civil lawsuit.

provided by his medical providers at the VA, his claims sound in medical malpractice. *See* Dkt. 1-1 at 8–14. A medical negligence claim is actionable under the Federal Tort Claims Act ("FTCA") against the United States. *See* 28 U.S.C. § 1346(b). A condition precedent to filing a lawsuit against the VA is submitting an administrative claim directly with the agency. 28 U.S.C. § 2675(a). A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing 28 U.S.C. §§ 2675, 2401(b) and 28 C.F.R. § 14.2(a)). After a plaintiff files a claim, he must wait until either the agency denies the claim or wait at least six months after filing the claim before filing suit. 28 U.S.C. § 2675(a).

Because Plaintiff's claims appear to predominately allege various instances of medical negligence, this Court must first determine whether it has jurisdiction to proceed. Plaintiff must replead and file an amended complaint.[2] In addition to following the procedural rules set forth herein for pleading a viable amended complaint, Plaintiff must affirmatively allege facts, and attach any supporting

---

[2] To replead an amended complaint, a plaintiff must set forth his claims in separately numbered paragraphs and separate counts for each cause of action. *See Weiland*, 792 F.3d at 1321–23.

documentation, to show that an administrative claim concerning these facts was submitted with the VA before filing this lawsuit.

Accordingly, Defendant's motion to dismiss (Dkt. 10) is **granted** with leave to amend. If Plaintiff can satisfy the exhaustion requirement and chooses to file an amended complaint, he must do so on or **before November 25, 2024**. The amended complaint must set forth separately numbered paragraphs and counts as set forth above and must show that Plaintiff exhausted his administrative remedies. Plaintiff must attach any documentation to the complaint that shows he filed an administrative claim with the VA before filing this lawsuit. Failure to timely file an amended complaint will result in this action being dismissed without prejudice and without further notice.

**DONE AND ORDERED** at Tampa, Florida, on November 4, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se*
Counsel of record