UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT D. SANTORO,

    Plaintiff,

v.                                                                          Case No. 8:24-cv-2398-WFJ-TGW

DAVID K. DUNNING,
EXECUTIVE DIRECTOR
JAMES A. HALEY VA HOSPITAL,

    Defendant.
_____/

## ORDER

Before the Court is the Government's motion to dismiss the amended complaint. Dkt. 15. After careful consideration of the arguments of the parties and the allegations of the amended complaint and supplement (Dkts. 14, 18), the Court grants the motion without leave to further amend.

In state court, Plaintiff Robert David John Santoro sued David K. Dunning, as the executive director of the James A. Haley Veterans Hospital in Hernando County, Florida, for "injunctive relief" and "VA negligence."[1] Dkt. 1-1; Dkt. 14 at 2–3. Defendant removed this action to federal court pursuant to 28 U.S.C. § 1442(a)(1). Dkt. 1. This Court permitted Plaintiff to file an amended complaint, which Defendant now moves to dismiss for lack of subject matter jurisdiction

---

[1] "VA" stands for the Department of Veterans Affairs.

under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim for relief under Rule 12(b)(6).

## Allegations

Plaintiff asserts in the amended complaint that this cause of action seeks injunctive relief to address the VA's pattern of abuse and negligence in failing to follow various VHA directives and, specifically, to appoint an independent doctor to supervise his healthcare. Dkt. 14 at 2, 5, 6. The amended complaint provides in relevant part:

> [T]his is not a Malpractice claim. . . . My Petition for Injunctive Relief is NOT a claim for monetary damages, . . .[but] state[s] a claim based on VA negligence. . . . I made the single allegation that the VA was guilty of a pattern of abuse and negligence.
> . . . .
> [T]he remedy is the relief I seek; an Independent doctor to supervise my health care.

Dkt. 14 at 2, 5, 6.

Mr. Santoro argues that one count is all that is necessary to state his claim for an injunction to appoint an independent medical doctor. Dkt. 14 at 3, 4 (taking issue with this Court's order at Dkt. 11 at 2, which found the initial complaint an impermissible shotgun pleading under *Weiland v. Palm Bch. Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). He reasons that a "pattern of abuse and negligence" is made up of examples of abuse and negligence, which should be limited to one count only. Dkt. 14 at 3–4. He continues that each of the thirty

examples "was from a specific incident involving one particular doctor, not multiple doctors." *Id*. at 4.

Mr. Santoro makes clear that he did not intend to sue anyone for medical negligence. He brings this action against only one Defendant—David K. Dunning. Dkt. 14 at 5. He has "not accused [Dunning] of Malpractice or Negligence, neither is this a claim of Supervisory Liability." *Id*. at 5. The amended complaint alleges that Director Dunning "failed to follow the [required] standards of care" of a VA medical facility director. *Id*. at 5. Some of the several directives not adhered to include timely reporting adverse drug events, disclosing them to patients, recording patient safety adverse events, directing investigation of same, and ensuring caregivers and veterans understand the medication treatment plan. *Id*. at 5–6. Plaintiff claims none of these directives were followed in his case with his particular medical conditions. *Id*. at 6.

To remedy the situation, Mr. Santoro seeks one remedy: selection or appointment of an independent doctor to supervise his health care. *Id*. at 6 ¶ 24.

### Failure to Appoint Supervisory Doctor as a Benefits Issue

Judicial review of a veteran's eligibility for or entitlement to benefits is covered by the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a). The Secretary of the VA is charged with deciding "all questions of law and fact necessary to a decision . . . under a law that affects the provision of benefits." *Id*. §

3

511(a). The Secretary's decision is final and "may not be reviewed by any other official or by any other court." *Id*. § 511(a).

Although substantive benefits determinations, including all questions of law or fact that bear on such decisions, are not beyond judicial review, the review process of those questions is limited to the VA's administrative appeals process. *See Smith v. U.S.*, 7 F.4th 963, 975 (11th Cir. 2021). The specific appeals process begins with the Board of Veterans' Appeals, 38 U.S.C. § 7104(a), next moves to the United States Court of Appeals for Veterans Claims, *id*. at §§ 7252(a), 7266(a), then to the United States Court of Appeals for the Federal Circuit, *id*. at § 7292(a), (c), and finally to the Supreme Court, *id*. at § 7292(c). *See Peeples v. U.S. Dep't of Veterans Affs.*, No. 8:16-cv-528-T-23-AAS, 2016 WL 7383357, at *3 (M.D. Fla. Nov. 30, 2016) (citing *Hall v. U.S. Dep't of Veterans Affs.*, 85 F.3d 532, 534 (11th Cir. 1996)).

A "benefit" is defined as "any payment, *service*, . . . entitlement to which is determined under laws administered by the [VA] . . . ." 38 C.F.R. § 20.3(e) (emphasis added). Services include "medical services which the Secretary determines to be needed" for certain veterans. 38 U.S.C. § 1710(a)(1). If allowing an independent doctor to supervise one's healthcare is in the nature of a "benefit" or service from the VA, then the VJRA applies, and this Court has no subject

4

matter jurisdiction. *Milbauer v. U.S.*, 587 F. App'x 587, 590 (11th Cir. 2014) ("*Milbauer I*) (unpublished).

In *Milbauer I*, a veteran, Mr. Milbauer, injured his right shoulder and requested his prescribed MRI be conducted in an open, as opposed to closed, MRI machine due to his claustrophobia. 587 F. App'x at 588. The VA medical center did not have an open MRI machine. After the ten-month wait for an open MRI in a non-VA facility, the surgery was unsuccessful. In Mr. Milbauer's administrative claim with the VA, he alleged that the VA wholly failed to both assist him in scheduling an open MRI and in following the applicable VA policy concerning staff ordering medical tests at non-VA institutions. *Id*. at 588–89.

*Milbauer I* held that the district judge "could not have adjudicated Milbauer's claim without first determining whether he was entitled to have an outside MRI and whether the Brooklyn VA properly followed its policy in processing his request." *Milbauer v. U.S.*, 636 F. App'x 556, 559 (11th Cir. 2016) ("*Milbauer II*"), citing *Milbauer I*, 587 F. App'x at 591–92. Because the "delayed MRI" claim presented a benefits entitlement determination, the VJRA barred review. *Milbauer II*, 636 F. App'x at 559, 561.

Likewise, the VJRA bars this Court from deciding whether Mr. Santoro is entitled to a particular benefit—an outside doctor, paid for by the VA, to manage his healthcare. He additionally seeks a determination of whether the Hernando

County VA followed its internal policy and VA directives when it failed to provide an independent doctor. Plaintiff readily admits that he does not bring a claim for medical malpractice; rather, he alleges general negligence against the director and personnel in failing to appoint a supervisory doctor. Even if his claim does not fall squarely under a denial of benefits, he alleges the negligent handling by VA personnel in failing to provide the doctor, which is still barred under the VJRA. *See Kumnick v. U.S.*, No. 8:05-cv-1511-JDW-MAP, 2007 WL 4614771, at *3 (M.D. Fla. Dec. 31, 2007). Indeed, Plaintiff "may not circumvent [Section 511(a)'s] bar on judicial review by cloaking his claims regarding the denial of benefits in the garb of a negligence claim or other statutory violation." *Workman v. U.S.*, No. 8:17-cv-3010-T-AEP, 2018 WL 8332696, at *3 (M.D. Fla. July 18, 2018) (quoting *Kumnick*, 2007 WL 4614771, at *5). Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claims.

### Federal Tort Claims Act—Exhaustion/Statute of Limitations

Mr. Santoro asserts that he brings a "VA negligence" claim. He alleges violations of the standard of care provided by his medical providers at the VA. *See* Dkt. 1-1 at 8–14. A medical negligence claim is actionable against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). *See Smith*, 7 F.4th at 973. Even if these claims are considered negligence claims under the FTCA, Defendant argues that this Court lacks subject matter jurisdiction

because 1) Plaintiff failed to exhaust his administrative remedies, and 2) the statute of limitations has expired.

A condition precedent to filing a lawsuit against the United States is submitting an administrative claim directly with the agency, here the VA. 28 U.S.C. § 2675(a). After a plaintiff files a claim, he must wait until either the agency finally denies the claim or wait at least six months after filing the claim with the agency before filing suit. *Id*. A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues." *Dalrymple v. U.S.*, 460 F.3d 1318, 1324 (11th Cir. 2006), citing 28 U.S.C. §§ 2675, 2401(b) and 28 C.F.R. § 14.2(a). If the statutory requirements under the FTCA are not met, then the court lacks subject matter jurisdiction and dismissal is appropriate. *Dalrymple*, 460 F.3d at 1326.

Mr. Santoro lists 14 prior administration claims he submitted to the VA beginning with August 24, 1996, and ending with December 30, 2011. Dkt. 14 ¶ 2. As Defendant points out, Plaintiff filed a medical malpractice action under the FTCA in 1999: *Santoro v. U.S.*, No. 8:99-cv-575-JDW (M.D. Fla.). Some of the medical conditions and claims alleged in this instant action appear to have been addressed in the 1999 action—thyroid issues (dating back to 1967), alleged post-traumatic stress disorder, and myasthenia gravis (diagnosed in 1996). *See Santoro*,

7

No. 8:99-cv-575-JDW, at Dkt. 37.  Plaintiff fails to allege any more recent administrative claims than one filed with the VA in 2011.

Because Plaintiff cannot point to a more recent administrative claim, he cannot maintain a negligence action here.  Defendant's removal of his state court complaint to this federal court has nothing to do with the legal concept of exhaustion of remedies, contrary to Plaintiff's assertion.  *See* Dkt. 18 (equating removal of state court case with preventing Plaintiff from exhausting his claims).  Plaintiff has failed to satisfy the exhaustion requirement, and he may not now proceed with a lawsuit.

Turning to the statute of limitations, a tort claim against the United States is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless the action is begun within six months after . . . notice of final denial by the agency . . . ."  28 U.S.C. § 2401(b).  A claim is presented when the agency receives a Standard Form 95 (SF-95) or other written notification of an incident.  28 C.F.R. § 14.2.  A cause of action for medical malpractice accrues "when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his or] her injury and its connection with some act of the defendant."  *Price v. U.S.*, 775 F.2d 1491, 1494 (11th Cir. 1985) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).  After a claim is submitted to

the agency, the plaintiff must wait until either 1) the agency denies the claim or 2) six months have passed after the claim is filed. 28 U.S.C. § 2675(a).

Based on the face of operative complaint, or even the initial complaint, Plaintiff has not alleged that he has filed an administrative claim with the VA since 2011. Nor can it be established that he submitted an administrative claim within two years from the time that claim accrued, much less that any such claim has been finally denied by the VA or six months have passed since he filed such a claim with the VA. This Court lacks jurisdiction over any claims to the extent they allege negligence committed by his VA medical providers.

Accordingly, Defendant's motion to dismiss (Dkt. 15) is **granted**. This action is dismissed without prejudice and without leave to amend. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 12, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se*
Counsel of record